IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT COURT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| KANEKA CORPORATION, a Japanese corporation,<br><br>      Plaintiff,<br><br> v.<br><br>JBS HAIR, INC. and UNO & COMPANY, LTD.,<br><br>      Defendants. | CIVIL ACTION No. 3:10-CV-1430-P |

## KANEKA CORPORATION'S MOTION FOR LEAVE TO AMEND THE PLEADINGS TO JOIN JINNY BEAUTY SUPPLY CO., INC. AS A DEFENDANT

Dariush G. Adli, Lead Attorney
California State Bar No. 204959
Elizabeth Yang
California State Bar No. 249713
Louise Lu
California State Bar No. 253114
ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 5880
Los Angeles, California 90071
Tele: (213) 623-6546
Fax: (213) 623-6554
adli@adlilaw.com
raymond.chan@adlilaw.com
elizabeth.yang@adlilaw.com
louise.lu@adlilaw.com

-and-

SHORE CHAN BRAGALONE DEPUMPO LLP
Alfonso Garcia Chan
Texas State Bar No. 24012408
Christopher L. Evans
Texas State Bar No. 24058901
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone 214-593-9110
Fax 214-593-9111
achan@shorechan.com
cevans@shorechan.com

Attorneys for Plaintiff
KANEKA CORPORATION

Plaintiff Kaneka Corporation ("Kaneka") respectfully submits this Motion for Leave to Amend the Pleadings to join Jinny Beauty Supply Co., Inc. ("Jinny Beauty Supply") as a Defendant in this matter.1

## I. INTRODUCTION

Kaneka brings this Motion in order to add a party whose relevance to this case was recently discovered — Jinny Beauty Supply. Defendants recently brought a Motion to Dismiss for Lack of Personal Jurisdiction, and in the alternative, Motion to Transfer Venue ("Motion to Dismiss"). *[Doc. 50]*. In its motion, JBS Hair argues that it has insufficient contacts with this District and provides a declaration implying that the accused products are not sold in Texas. However, JBS Hair's motion and declaration fail to address indirect sales in this District via affiliates or distributors.

In connection with its opposition to Defendants' Motion to Dismiss, Kaneka further inquired into JBS Hair's business activities and claims relating to personal jurisdiction. During this inquiry, Kaneka learned that Jinny Beauty Supply, a closely-related JBS Hair affiliate with substantial ties to this District, has infringed and is infringing the asserted patents in this District. Indeed, Jinny Beauty Supply, which is based in this District, is the applicant of record for the "Pure Exchange" trademark under which both Jinny Beauty Supply and JBS Hair market and sell the accused products.

Kaneka brings this Motion immediately upon learning this information.

## II. ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP") provides that, after the time for amending has passed, "a party may amend its pleading only with the opposing party's written

---

1 Kaneka's Proposed Second Amended Complaint is attached hereto as Exhibit A.

**KANEKA CORPORATION'S MOTION FOR LEAVE TO AMEND THE**
**PLEADINGS TO JOIN JINNY BEAUTY SUPPLY CO., INC. AS A DEFENDANT**          **Page 1**

consent or with the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a). A presumption in favor of amendment underlies the rule governing amendments and affords the court broad discretion in granting leave to amend. *See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). Indeed, courts routinely grant leave to amend when justice requires. *See Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

Although the grant of leave to amend is not automatic, the circumstances in which Rule 15(a) permits denial of leave are limited. *See Ynclan v. Dept. of the Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). In determining whether to grant a motion to amend, courts consider: (1) whether permitting the amendment would cause undue delay or undue prejudice; (2) whether the movant is acting in bad faith or with a dilatory motive; (3) whether denying the amendment would prejudice the movant; and (4) whether the amendment adds substance or is germane to the original complaint. *See Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984); *Foster v. Daon Corp.*, 713 F.2d 148, 152 (5th Cir. 1983). Absent these or similar factors, a motion for leave should not be denied. *See*, *e.g.*, *Willard*, 336 F.3d at 386.

Under Rule 20(a), joinder is permissible if the claims arise from the same transaction or occurrence and share a common question of law or fact. *Applewhite v. Reichhold Chems. Inc.*, 67 F.3d 571, 574 & n. 11 (5th Cir. 1995). The transaction and common question requirements are not rigid tests, but rather, "flexible concepts used by the courts to implement the purposes of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Afabor v. Racetrac Petroleum, Inc.*, 2006 WL 1343636, at *3 (N.D. Tex. May 15, 2006) (citing *Wade v. Minyard Food Stores,* No. 3:0-CV-1403-H, 2003 WL 22718445, at *1 (N.D. Tex. November 17, 2003)). In the context of Rule 20, the Supreme Court

has noted that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966).

All of these considerations favor Kaneka's request for leave to amend its complaint to add Jinny Beauty Supply as a defendant in this case.

### A. Joinder Will Not Cause Undue Delay or Prejudice

Courts often give particular consideration to whether the requested amendment of the pleading will cause undue delay or prejudice to the opposing party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971); *United States v. Hougham*, 364 U.S. 310, 316-17 (1960). In the absence of such delay or prejudice, leave to amend is normally granted. *See Nilsen v. City of Moss Point, Mississippi*, 674 F.2d 379, 388 (5th Cir. 1982). Here, there is no undue delay or prejudice posed, and leave should be granted.

This case is still in its very early stages. Kaneka's original complaint against Defendants was filed on July 20, 2010 and its Amended Complaint was filed on October 14, 2010. *[Docs. 1 & 18]*. Kaneka answered Defendants' counterclaims on November 30, 2010. *[Docs. 38 & 39]*. The Court issued a Scheduling Order on December, 28, 2010, less than three months ago. *[Doc. 46]*. The deadline for motions for leave to join additional parties passed less than two months ago. *Id*. at #4. The Scheduling Order sets forth deadlines for the parties' patent local rule disclosures and their claim construction discovery and briefing. The earliest of these deadlines is March 18, 2011, the date for Kaneka to serve its claim charts on its preliminary infringement contentions. *Id*. at #6. The parties recently stipulated to requesting extension of each of these deadlines by two weeks. *[Doc. 53]*. As these and other key events in the case have yet to occur,

the addition of Jinny Beauty Supply as a defendant at this stage would not cause undue delay or prejudice to Uno, JBS Hair, or Jinny Beauty Supply.

Moreover, discovery has barely commenced. The only discovery to date is *two* interrogatories by Uno on the issue of personal jurisdiction, to which Kaneka has responded. No other written discovery has been propounded and no depositions have been noticed. In any case, having sought a stay of this case in its entirety pending the Court's decision on their Motion to Dismiss, Defendants can hardly argue that the addition of a new defendant would cause any undue delay or prejudice. *[Docs. 50 & 52]*. Moreover, the addition of Jinny Beauty Supply will involve claims very similar to those pending against the existing Defendants.

Less than eight months have passed since the filing of Kaneka's Original Complaint, and only five months have passed since the filing of Kaneka's Amended Complaint. Given that this case is still in its early stages, the risk of undue prejudice or delay to Defendants is negligible and leave to amend should be granted. *See*, *e.g.*, *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391-92 (5th Cir. 1985) (granting leave to amend complaint where six months had passed since filing of the action and amendment was sought as soon as Plaintiff learned of the basis for its new allegations); *Daly v. Sprague*, 742 F.2d 896, 900 (5th Cir. 1984) (noting the relevance of the "timeliness of the amendment with regard to the progress of the case as a whole"). Kaneka's Motion is not the result of unexplained delay or lack of diligence, but rather, the discovery of new information, which it immediately acted upon.[2]

---

[2] In any case, even mere delay, without a showing of bad faith or undue prejudice, does **not** provide sufficient basis for denial of the rights to amend. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

KANEKA CORPORATION'S MOTION FOR LEAVE TO AMEND THE
PLEADINGS TO JOIN JINNY BEAUTY SUPPLY CO., INC. AS A DEFENDANT          Page 4

### B.   Kaneka's Motion to Amend is Not Brought in Bad Faith

Kaneka seeks leave to amend its complaint to join a relevant party to this litigation and to ensure proper and efficient adjudication of its claims.  In the preparation of its Opposition to Defendants' Motion to Dismiss, Kaneka undertook additional inquiry into JBS Hair's contacts with this District.  This inquiry revealed new information regarding JBS Hair's relationship with Jinny Beauty Supply, as well as the latter's ties to the marketing and sales of the accused product in this District.  Kaneka brings this Motion immediately upon learning this information.  This diligence is evidenced by the filing of this Motion immediately following Kaneka's Opposition to Defendants' Motion to Dismiss.

### C.   Denial of Leave to Amend Would Prejudice All Parties

The Court's denial of leave to amend would prejudice both the existing parties and Jinny Beauty Supply.  If Kaneka cannot add Jinny Beauty Supply to this action, it will be forced to file another action against Jinny Beauty Supply alone, resulting in duplicative and wasteful litigation for all parties.  This is especially true given the close relationship between JBS Hair and Jinny Beauty Supply (as discussed in detail in Kaneka's Opposition to Defendants' Motion to Dismiss).  A separate case would require both sides to engage in substantially similar or identical discovery and motion practice in two related cases, whereas joinder would provide countless efficiencies as well as judicial economy.  Moreover, a separate suit against Jinny Beauty Supply could subject the parties to inconsistent rulings.

### D.   The Requested Amendment is Germane to this Action and Involves Similar Factual and Legal Issues

The requested amendment is highly germane to this action.  *See Daly*, 742 F.2d at 900 n.6 (the appropriateness of amendment depends in part on "the germaneness of the subject matter of the amendment to the subject matter of the suit").  The joinder of Jinny Beauty Supply involves

the same claims — including issues of fact and law — that are already pending against existing Defendants Uno and JBS Hair, because the claims against all three entities arise from the same transactions or occurrences that are currently at issue in this lawsuit.

Kaneka has accused JBS Hair and Uno of direct and indirect patent infringement based on, *inter alia*, activities relating to the manufacture and sale of the accused hair products. Kaneka's claims against Jinny Beauty Supply arise from the same transactions and occurrences relating to the accused products. As established in Kaneka's Opposition to Defendants' Motion to Dismiss, JBS Hair and Jinny Beauty Supply are closely related entities that collaborate to market and sell the accused products. The two entities are commonly owned and managed, and appear to act as a single entity with respect to the accused products.[3] Jinny Beauty Supply lists JBS Hair as one of its "partners" and advertises the accused JBS Hair products in its product catalog.[4] Indeed, Jinny Beauty Supply is the applicant of record for the "Pure Exchange" trademark under which both it and JBS Hair market and sell the accused products. Moreover, the Dallas location of Jinny Beauty Supply is the *very same* facility that is listed as a branch of JBS Hair on the JBS Hair website.[5]

The subject matter of the amendment — *i.e.*, Kaneka's infringement claim against Jinny Beauty Supply based on the latter's marketing and sales of the accused product — is highly germane to the subject matter of this action. Because the infringing acts of Jinny Beauty Supply are entangled with the claims against Defendants UNO and JBS Hair, the requested amendment to join Jinny Beauty Supply as a defendant is highly germane to the issues in this action and will involve similar questions of law and fact.

---

[3] *See* Declaration of Eddie Jhin ("Jhin Decl."), [Doc. 50-2], ¶ 10.
[4] *See* [Doc. 55, Exhibits 9 and 10].
[5] *See* [Doc. 55, Exhibits 3 and 5].

### III.     CONCLUSION

For the foregoing reasons, Kaneka respectfully requests leave of the Court to amend the pleadings to join Jinny Beauty Supply as a defendant.

Date:   March 21, 2011              ADLI LAW GROUP, P.C.

By: _/s/ Dariush G. Adli_____

Dariush G. Adli, Lead Attorney
California State Bar No. 204959
Ali Shalchi
California State Bar No. 239164
Louise Lu
California State Bar No. 253114
Elizabeth Yang
California State Bar No. 249713
ADLI LAW GROUP P.C.
633 West Fifth Street, Suite 5880
Los Angeles, California 90071
Tele: (213) 623-6546
Fax: (213) 623-6554
adli@adlilaw.com
raymond.chan@adlilaw.com
elizabeth.yang@adlilaw.com
louise.lu@adlilaw.com

-and-

SHORE CHAN BRAGALONE DEPUMPO LLP

Alfonso Garcia Chan
Texas State Bar No. 24012408
Christopher L. Evans
Texas State Bar No. 24058901
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone 214-593-9110
Fax 214-593-9111
achan@shorechan.com
cevans@shorechan.com

Attorneys for Plaintiff
Kaneka Corporation

**KANEKA CORPORATION'S MOTION FOR LEAVE TO AMEND THE
PLEADINGS TO JOIN JINNY BEAUTY SUPPLY CO., INC. AS A DEFENDANT**          Page 7

## CERTIFICATE OF CONFERENCE

Date of Conference:        March 18, 2011

Manner of Conference:      Via Telephone

Participants:              Elizabeth Yang and Ali Shalchi (pending pro hac vice), counsel for Plaintiff Kaneka Corp.; Ryan Marton, counsel for Defendants JBS Hair, Inc. and UNO & Company, Ltd.

I certify that on March 18, 2011, my colleagues, Ali Shalchi, and Elizabeth Yang conferred with opposing counsel pursuant to Local Rule 7.1(a) regarding Kaneka Corporation's Motion for Leave to Amend the Pleadings to Join Jinny Beauty Supply Co., Inc. as a defendant in this action. During the conference, we explained to Mr. Marton the basis for joining Jinny Beauty Supply as a defendant in this action as set forth in this Motion. Mr. Marton stated that there was no basis for such joinder and indicated that Defendants would oppose this Motion.

                                           */s/ Dariush G. Adli*_____
                                           Dariush G. Adli


## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2011 a true and correct copy of the foregoing document was served on counsel for the Defendants via the Court's electronic filing system (CM/ECF LIVE – U.S. District Court:txed).

                                           */s/ Dariush G. Adli*_____
                                           Dariush G. Adli