IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KANEKA CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1430-P-BD |
| | § | |
| JBS HAIR, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**ORDER**

In this patent case, Defendants JBS Hair, Inc. ("JBS"), UNO & Company Ltd. ("UNO"), and Jinny Beauty Supply Company Ltd. ("Jinny") have filed a motion to compel responses to three interrogatories propounded by UNO to Plaintiff Kaneka Corporation. By their motion, defendants seek: (1) complete responses to Interrogatory Nos. 19 and 20, which call for the factual bases for plaintiff's infringement positions; and (2) a response to Interrogatory No. 24, which calls for identification of the best mode for carrying the asserted invention.

Although the attorneys have conferred several times in writing and in person, the last conference was held on August 27, 2012 -- more than one month before the motion was filed. Moreover, it is not clear whether the attorneys have held *meaningful discussions* in an attempt to resolve this discovery dispute without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988). Accordingly, the following orders are hereby entered to facilitate the prompt and efficient disposition of this motion:

1.     Counsel shall meet face-to-face or confer by telephone in an attempt to resolve all matters in dispute. This conference shall be held by **October 5, 2012.** The attorneys should focus their discussions on the *substantive* information and documents requested by UNO. In other words,

plaintiff should fully answer each discovery request, subject to any objections, and affirmatively indicate whether any responsive information or documents have been withheld. A privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client, work product, or other privilege or immunity. *See* FED. R. CIV. P. 26(b)(5)(A). Defendants should not persist in opposing any objections at this time if all responsive information and documents have been provided, or if plaintiff represents that responsive documents do not exist. Any attorney who fails to comply with these guidelines will be subject to sanctions.

  2. The parties shall submit a joint status report by **October 10, 2012.** This report must contain the following information: (a) the names of the attorneys who participated in the discovery conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of the reasons why agreement could not be reached as to those matters. The joint status report must be signed by all participating attorneys. Any attorney who fails to sign the report will be subject to sanctions.

  The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute in a single written submission. To this end, the parties should present all of their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. The arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report. If further briefing is desired before any unresolved matters are decided, the joint status report must indicate why the party requesting further

briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

The joint status report and appendix must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide. A copy of the joint status report and any supporting materials shall be *hand delivered* to the office of the district clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, the same day.

3. The parties shall submit an agreed order in lieu of a joint status report if this discovery dispute is resolved. An agreed order, signed by all counsel of record, must be submitted electronically to Kaplan_Orders@txnd.uscourts.gov by **October 10, 2012.** A copy of the signed agreed order must be *hand delivered* to the office of the district clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, the same day.

4. The court intends to rule on any unresolved issues based on the written submissions of the parties, including the joint status report. *See* N.D.Tex. LCivR 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion.

SO ORDERED.

DATED: September 28, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE