# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| KANEKA CORPORATION, a Japanese corporation, | § § § | |
| | § | Civil Action No. 3:10-cv-1430-P |
| Plaintiff, | § § | |
| v. | § § | |
| JBS HAIR, INC., a Georgia corporation; UNO & COMPANY, LTD., a Korean corporation; and JINNY BEAUTY SUPPLY CO., INC., a Georgia corporation | § § § § § § | |
| Defendants. | § § § | |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated September 28, 2012, counsel for the parties to this lawsuit met and conferred via telephone on Friday, October 5, 2012 at 10:30 a.m. PST and again on Tuesday, October 9, 2012 at 11:10 a.m. PST. During those meetings, counsel discussed the matters set forth in the Court's order. What follows, is the parties' Joint Status Report on those matters for the Court's information and consideration:

## I.   THE ATTORNEYS PARTICIPATING IN THE DISCOVERY CONFERENCE

Ryan J. Marton and Guinevere L. Jobson attended on behalf of Defendants. Raymond K. Chan, Dave Deonarine, Keith Nowak, Joseph Zito, and Andrew Howard attended on behalf of Plaintiff, Kaneka Corporation. The parties conferred via telephone for approximately forty five (45) minutes on October 5, 2012. On Tuesday, October 09, 2012, Mr. Marton, Ms. Jobson, Mr. Chan and Mr. Deonarine conferred via telephone again. This second telephone conference began at 11:10 a.m. PST and lasted for twenty (20) minutes. The agreements and disputed

outstanding issues were primarily determined during the October 5, 2012 and October 9, 2012 meetings.

II.   **MATTERS RESOLVED BY THE PARTIES**

On Friday October 5, 2012 and again on Tuesday, October 9, 2012, pursuant to the Court's September 28, 2012 Order (Dkt. No. 181), the parties conferred regarding Kaneka's objections and responses to UNO's Interrogatories Nos. 19, 20, and 24, and reached the following agreements regarding the matters complained of in Defendants' Motion:

**Interrogatory 19:** The parties agree that Kaneka will have until October 31, 2012 to supplement its response to this Interrogatory without waiving any of its objections.  If upon that supplementation Defendants feel that the response remains incomplete or deficient, the Parties will meet and confer.  Defendants will only seek the Court's assistance if the Parties cannot resolve the issue.

**Interrogatory 20:** The parties agree that Kaneka will have until October 31, 2012 to supplement its response to this Interrogatory without waiving any of its objections.  If upon that supplementation Defendants feel that the response remains incomplete or deficient, the Parties will meet and confer.  Defendants will only seek the Court's assistance if the Parties cannot resolve the issue.

**Interrogatory 24:** The parties agree that Kaneka will have until October 31, 2012 to supplement its response to this Interrogatory without waiving any of its objections.  If upon that supplementation Defendants feel that the response remains incomplete or deficient, the Parties will meet and confer.  Defendants will only seek the Court's assistance if the Parties cannot resolve the issue.

**Privilege Log**: Defendants provided their privilege log to counsel for Kaneka on September 20, 2012.  Counsel for Kaneka has promised to provide its privilege log to Defendants as soon as it can, but no later than October 24, 2012.

## III.   MATTERS REQUIRING THE COURT'S DETERMINATION

Defendants' Position:

Defendants propounded Interrogatories 19, 20 and 24 on April 20, 2012.  Kaneka provided its initial responses to those on July 27, 2012.  With respect to Interrogatories 19, 20 and 24, this initial response only included objections.  On August 27, 2012, Kaneka provided its first supplemental responses to Interrogatories 19, 20 and 24.  Counsel for Kaneka and counsel for Defendants conferred extensively, on multiple occasions both in person and via telephone regarding the substance of Kaneka's interrogatory responses.  Specifically, the parties discussed Kaneka's deficient responses to Interrogatories 19, 20 and 24, with counsel for Defendants articulating in detail their position that Kaneka's responses to date were deficient.  For example, during meet and confer efforts, counsel for Defendants specified the following:

> **Interrogatory No. 19** seeks identification of each instance of direct infringement and identification of evidence in support thereof, not just a recitation of names of entities. Namely, each instance of direct infringement - whether a sale, offer for sale or importation - should be identified by entity, date, and description of the infringing activity and the evidence you intend to rely on must also be identified.  Further, in response to **Interrogatories 19 and 20**, for each and every instance of direct infringement identified, Kaneka should identify the acts by UNO that constitute inducement and the evidence Kaneka will rely on.  We disagree with your objections to **Interrogatory No. 24**. In our view, Kaneka has still not provided a response and we will therefore move to compel.

App. at 3-4, 5, 7.  On the eve of the deadline to file motions to compel, counsel for Kaneka refused to provide any additional supplementation:

"#19 & #20: Your interpretation of the required response to Intt #19 is unrealistic. We cannot possibly detail every wig purchaser nor detail their use (ie wearing the wig) ie "each instance of direct infringement." Interrogatory 19 and 20 are property [sic] answered. #24: You can't move to compel if you did not ask the inventors and if you asked the inventors, you got the best answers they have. I do not see how you have a basis to compel.

*Id*. at 3.  In response to this clear refusal, Defendants filed their motion to compel the following day.  Dkt. No. 169.  On September 20, 2012, Kaneka provided an additional supplementation to interrogatories, including Nos. 19 and 20.  Thereafter, on September 21, 2012, Kaneka submitted its opposition to Defendants' Motion.  Dkt. No. 176.  Kaneka now, finally agrees to further supplement its responses in addition even to the purportedly supplementation provided after Defendants filed their motion.

Therefore, Defendants respectfully request that the Court determine their pending motion for attorneys fees incurred associated with bringing the Motion to Compel.  Interrogatories 19 and 20 seek the core theories and bases of Kaneka's infringement allegations with respect to U.S. Patent Nos. 7,759,429 (the "'429 patent") and 7,759,430 (the "'430 patent").  This kind of information lies at the heart of Kaneka's infringement case, and UNO is entitled to know these assertions in order to prepare its defenses.  Kaneka's first response to Interrogatories 19 and 20, provided on July 27, 2012, consisted *entirely* of objections.  Their August 27, 2012 supplementation only identified various purported direct infringers, but did not specify the facts supporting their theories of direct infringement and only provided vague, high-level theories of inducement of infringement liability.  It was only after Defendants' repeated demands for supplementation culminating with the filing of this motion that Kaneka supplemented with any meaningful response, though Kaneka left it unclear whether its September 20, 2012 supplementation was its complete response.

The parties have now agreed that Kaneka will further supplement its responses to Interrogatories 19, 20 and 24.   However, Kaneka should not be allowed to avoid an award of fees simply by submitting supplemental responses after forcing Defendants to file a motion to compel.  Fed. R. Civ. Proc. 37(a)(5)(A) ("if a motion to compel is granted–or if the disclosure or requested discovery is provided after the motion was filed– the court *must*…require the part or deponent whose conduct necessitated the motion…to pay the movant's reasonable attorney's fees.") (emphasis added).  *Khatib v. Cathay Bank*, No. 4:11-cv-540-A, 2012 U.S. Dist. LEXIS 31418, at *5–8 (N.D. Tex. Mar. 7, 2012) (attorney's fees appropriate where requested answers to interrogatories were provided only after motions to compel discovery had been filed).  There was no substantial justification for Kaneka's stonewalling.  Defendants therefore request that the Court award them the amount of $22,000 as reasonable and necessary attorneys' fees resulting from Kaneka's conduct in forcing Defendants to move to compel for Kaneka's deficient answers to Interrogatories 19, 20 and 24.

Plaintiff's Position:

Kaneka asks the Court to find substantial justification for Kaneka's Opposition to Defendants' Interrogatory Nos. 19, 20 and 24 and deny Defendants' request for attorney fees incurred associated with bringing the Motion to Compel.

"Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." *Transcontinental Fertilizer Co. V. Samsung Co., Ltd.,* 108 F.R.D. 650, 653 (E.D.Pa. 1985).  Unlike the facts in the cases Defendants cite in their briefing, over the past months Kaneka has diligently worked with Defendants to understand and provide the information requested through 24 Interrogatories and 172 Requests for Production.

In August 2012, UNO initially complained that eight or ten interrogatories and various document requests were insufficiently answered.  Counsel for Kaneka reached out to counsel for UNO at the deposition of August 21, 2012 and endeavored to determine what information UNO believed missing.  As a result of conversations over the next two days, counsel for Kaneka was able to discern that counsel for UNO was seeking (i) some additional production from Kaneka (ii) identification of "spinning" best mode (Interrogatory 24) and (iii) some identification by Kaneka of documents that were actually part of the production from UNO. (*i.e.,* Interrogatories 19 and 20).

Kaneka's counsel first concentrated on obtaining the additional documents from Japan and complete this task within one week from the initial conversation.  None of those requests were included in the motion to compel.  In addition, Kaneka provided the identification of "spinning" best mode, which was also excluded from the motion to compel.   Kaneka identified the majority but not all of the UNO documents related to inducement, translated and identified those documents to UNO prior to the filing of the motion to compel, and indicated that further supplementation was forthcoming.  Kaneka substantially complied and the motion to compel was unnecessary, an additional meet and confer would have been appropriate and would have resulted in the same extension of time as was reached this week, October 31, 2012.

Interrogatory 24 was fully answered regarding the "spinning" best mode identified by UNO.  The motion to compel sought unspecific supplementation of the answer to Interrogatory 24 and does not even acknowledge the column and line designations already provide a week prior to the filing of the motion.  When discussed at the meet and confer, UNO's counsel acknowledged that its earlier request for supplementation of interrogatory 24 had been limited in e-mail exchange to "spinning" but that the request for supplementation of

interrogatory 24 was now being expanded to include "formulations."   Despite the untimeliness of the expansion, Counsel for Kaneka agreed to contact the inventors and seek this additional information after the close of discovery.   Counsel for Kaneka has been fully cooperative, the motion to compel, in the middle of supplementation was unwarranted and unnecessary and UNO should not be rewarded with attorney's fees for vexatious litigation conduct.

These facts demonstrate that Defendants' inclusion of Interrogatory No. 24 in the Motion to Compel was unjustified.  As evidenced by the supplemental responses Kaneka provided through the meet and confer process, Kaneka was trying to provide a response but simply could not decipher what information Defendants were seeking. This was, in part because Defendants' themselves were unsure of the information they wanted from Kaneka.

Earlier in the discovery process, during a conference between the parties regarding Interrogatory No. 24, counsel for Defendants, Mr. Marton, clarified that this interrogatory sought the methods for producing the patented fibers.  Thereafter, Kaneka supplemented its response to provide that information.  Then during the Parties' meet-and-confer call on Friday, October 5, 2012, counsel for Defendants requested that counsel for Kaneka also ask the inventors whether there was a best mode with respect to the formulation of the patented fibers, and if so, what that formulation was.  Counsel for Kaneka agreed to ask the inventors whether or not they recall contemplating a best mode with respect to fiber formulation.  On Tuesday, October 9, 2012, Raymond Chan stated that he was able to reach Toshiyuki Masuda, the primary inventor for the asserted patents, who confirmed that no best mode was contemplated by the inventors.

The motion to compel seeks answers to interrogatories 19 and 20 that have already been supplied.  Kaneka objected to Interrogatory Nos. 19 and 20 because originally they were overly expansive in scope requesting, for example, "each instance of direct infringement" as well as the

"description of the acts that purportedly inducted each such instance of infringement". (Defs. Mot. at 7). Considering that each sale of the accused products in the United States technically qualifies as an act of direct infringement, the level of specificity being demanded by the Defendants was of the scope expressly disapproved by the *IBP* and *Steil* cases as overbroad and unduly burdensome. *IVP*, 179 F.R.D. at 321; *Steil*, 197 F.R.D. at 447. There are tens of thousands of wigs sold every year, and Kaneka cannot possibly describe each sale in narrative form. Nonetheless, Kaneka's did provide supplemental responses to these interrogatories before Defendants filed the Motion to Compel.

In the supplemental response to Interrogatory No. 19, Kaneka described the acts that constitute direct infringement, identified UNO's primary wholesalers and retailers in the United States and identified a list of UNO's manufacturers and importers of the accused products, citing documents produced by UNO and providing translations of the cited documents to accompany the interrogatory supplementation. Nonetheless, Kaneka has agreed to further supplement its response to Interrogatory No. 19 to provide additional information requested by Defendants.

In the supplemental response to Interrogatory No. 20, Kaneka provide the factual basis for its position, noting that both UNO's current senior manager Raymond Chang Young Kim and president Mr. Jeon-Cheon Kim were made aware of the claimed inventions through the receipt of earlier publications and counterparts of the asserted patents. Kaneka also noted that UNO was aware of the commercial embodiment of the invention being sold by Kaneka and purchased, analyzed and copied samples of Kaneka's fibers. Nonetheless, Kaneka has agreed to further supplement its response to Interrogatory No. 20 to provide additional information requested by Defendants.

The fact of the matter is that Defendants' Interrogatory Nos. 19, 20 and 24, as drafted and served, were insufficiently specific and deficient and Kaneka asserted valid objections.  Only after Kaneka conferred with Defendants - on multiple occasions - did it obtain knowledge of what information was requested by Defendants.  When Defendants again clarified their interrogatories, Kaneka agreed to again supplement its responses.  Now, Defendants are asking that Plaintiff be sanctioned for participating in good faith discussions regarding interrogatories that that Plaintiffs have conceded were insufficient given their lack of specificity.  Kaneka therefore requests that the Court deny Defendants' request for attorneys' fees for filling an unnecessary Motion to Compel sought only to waste the Court and Kaneka's resources.

## IV.   **HAND DELIVREY OF JOINT STATUS REPORT**

The Court's order on UNO's motion to compel (Dkt. No. 179) require the signatures of all counsel participating in the parties' meet and confer on this Joint Status Report.  Kaneka has just transferred this case to new counsel, and was represented at the October 5, 2012 conference by both prior counsel (Joseph Zito) and new counsel (Raymond Chan, Dave Deonarine) as well as local counsel (Andrew Howard) and outside general counsel (Keith Nowak).  The effort to coordinate and incorporate comments and revisions by all Kaneka counsel to the Joint Status Report precluded the filing of the report by the Court's close of business on October 10, 2012, and thus a copy of the Joint Status Report could not be hand delivered to the Court on that date.  A copy of the Joint Status Report will be delivered to the Court on October 11, 2012.

Dated: October 10, 2012

Respectfully submitted,

By:  */s/ Ryan J. Marton*
     Ryan J. Marton

    */s/ Guinevere L. Jobson*
     Guinevere L. Jobson

Darryl M. Woo (admitted *Pro Hac Vice*)
dwoo@fenwick.com
Ryan J. Marton (admitted *Pro Hac Vice*)
rmarton@fenwick.com
Guinevere L. Jobson (admitted *Pro Hac Vice*)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California  94104
Email:  dwoo@fenwick.com
Email:  rmarton@fenwick.com
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

Jae Won Song (admitted *Pro Hac Vice*)
Fenwick & West LLP
801 California Street
Mountain View, California 94041
Email: jsong@fenwick.com
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

John R. Emerson
Texas Bar No. 24002053
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Email: russ.emerson@haynesboone.com
Telephone:     (214) 651-5000
Facsimile:     (214)651-5940

Attorneys for Defendants
JBS HAIR, INC., UNO & COMPANY, LTD.
and JINNY BEAUTY SUPPLY COMPANY
LTD.

Dated:  October 10, 2012

                                               */s/ Raymond K. Chan*

                                               */s/  Dave Deonarine*

Raymond K. Chan (admitted *Pro Hac Vice*)
Dave Deonarine (admitted *Pro Hac Vice*)
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 238-1900
raymond.chan@procopio.com
dave.deonarine@procopio.com

                                             */s/ Keith Nowak*

Keith Nowak
Carter Ledyard & Milburn
2 Wall Street
New York, New York 10005
Telephone:  (212) 238-8610
Nowak@clm.com

                                             */s/ Joe Zito*

Joe Zito
DNL Zito
1250 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 466-3500
jzito@zitotlp.com

                                             */s/ Andrew Howard*

Andrew Howard
Christopher L. Evans
SHORE CHAN BRAGALONE
DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone:  (214) 593-9120
achan@shorechan.com
cevans@shorechan.com
Attorneys for Plaintiff
KANEKA CORPORATION

## <u>ATTORNEY ATTESTATION</u>

I hereby attest that concurrence in the filing of this document has been obtained from the signatory indicated by a "conformed" signature ("/s/") within this e-filed document.

<u>/s/  *Raymond K. Chan*</u>
                          Raymond Chan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 10, 2012.

/s/ *Ryan J. Marton*
                    Ryan J. Marton