## Gloria Dunlap

| | |
|---|---|
| **From:** | Joseph J Zito [jzito@zitotlp.com] |
| **Sent:** | Thursday, August 30, 2012 10:11 AM |
| **To:** | Guinevere Jobson |
| **Cc:** | Raymond Chan; Kaneka-Uno; Ryan Marton |
| **Subject:** | Re: Kaneka v. Uno - Discovery Responses |

Guinevere:

#19 & #20: Your interpretation of the required response to Intt #19 is unrealistic. We cannot possibly detail every wig purchaser nor detail their use (ie wearing the wig) ie"each instance of direct infringement." Interrogatory 19 and 20 are property answered.

#24: You can't move to compel if you did not ask the inventors and if you asked the inventors, you got the best answers they have.  I do not see how you have a basis to compel.

#10: I do not see how mapping is our obligation.  You have the burden of establishing any invalidity assertions and until you have made a prima facie case, we have no obligation to rebut.


Joseph J. Zito
1250 Conn Ave., NW
Washington, DC 20036
202 466-3500
jzito@zitotlp.com


Guinevere Jobson wrote:

Joe,
Thank you for providing the supplementations yesterday and Friday.   As a preliminary matter, in response to Interrogatory No. 5, you identify KANEKA0213724 - KANEKA0213763.  We have not received this document, when can we expect its production?

Additionally, the supplemental responses to Interrogatories Nos. 19, 20, 24 and 10 are insufficient:

- Interrogatory No. 19 seeks identification of each instance of direct infringement and identification of evidence in support thereof, not just a recitation of names of entities.  Namely, each instance of direct infringement - whether a sale, offer for sale or importation - should be identified by entity, date, and description of the infringing activity and the evidence you intend to rely on must also be identified.
- Further, in response to Interrogatories 19 and 20, for each and every instance of direct infringement identified, Kaneka should identify the acts by UNO that constitute inducement and the evidence Kaneka will rely on.
- We disagree with your objections to Interrogatory No. 24.  In our view, Kaneka has still not provided a response and we will therefore move to compel.
- For Interrogatory No. 10, while Kaneka has now identified a batch of documents, that is insufficient.  This Interrogatory calls for detailed testing information for each example in the asserted patents and related priority documents.  Kaneka has not mapped the documents to any particular example as is requested.  Because it is now acknowledged that there are mistakes in the Japanese PCT application on this point, it is essential that Kaneka provide this detail.

We will be moving to compel on the grounds described above.

**APPENDIX 3**

Regards,
Guinevere

---

**From:** Joseph Zito [mailto:jzito@zitotlp.com]
**Sent:** Friday, August 24, 2012 9:47 AM
**To:** Ryan Marton
**Cc:** Guinevere Jobson; Raymond Chan; Kaneka-Uno; UNO-Kaneka Team
**Subject:** Re: Kaneka v. Uno - Discovery Responses

Yes.


```
--
Joseph J. Zito
ZITO tlp
1250 Connecticut Avenue NW
Washington, DC 20036
202 466-3500
```
www.zitotlp.com
jzito@zitotlp.com
On 8/23/2012 11:35 AM, Ryan Marton wrote:

> Joe,
>
> We will need this particular supplementation by EOD Monday so we will have time to move to compel if the answer is deficient.  Can you commit to that?
>
> Thanks,
> Ryan

>> **From:** Joseph Zito [mailto:jzito@zitotlp.com]
>> **Sent:** Wednesday, August 22, 2012 8:18 PM
>> **To:** Ryan Marton
>> **Cc:** Guinevere Jobson; Raymond Chan; Kaneka-Uno
>> **Subject:** Re: Kaneka v. Uno - Discovery Responses
>>
>> That complete supplementation will not be finalized by Friday.
>>
>>
>> ```
>> --
>> Joseph J. Zito
>> ZITO tlp
>> 1250 Connecticut Avenue NW
>> Washington, DC 20036
>> 202 466-3500
>> ```
>> www.zitotlp.com
>> jzito@zitotlp.com
>> On 8/22/2012 4:17 PM, Ryan Marton wrote:
>>
>>> Joe,

**APPENDIX 4**

As a follow up to Guinevere's email, I want to make clear that in response to interrogatory no. 19, we expect Kaneka to identify each instance of purported induced direct infringement and all acts that purportedly induced each such instance and all supporting evidence. Please confirm that Kaneka will so supplement.

Thanks,
Ryan

---

**From:** Guinevere Jobson
**Sent:** Wednesday, August 22, 2012 9:56 AM
**To:** 'jzito@zitotlp.com'; Raymond Chan
**Cc:** Nikki Ma; Rheanna Hafner; Ryan Marton; Guinevere Jobson
**Subject:** RE: Kaneka v. Uno - Discovery Responses

Joe,
Thank you for taking the time to talk with us this morning. This email is confirms the substance of our discussion. In general, the supplementations you delineate below are acceptable to defendants and we expect the supplementations by this Friday, August 24. We discussed the following interrogatories in further detail as follows:

- Interrogatory 4: Several documents and reports in Kaneka's production specifically reference competitive testing and analyses performed by Kaneka. The documents containing such references include KANEKA0035713-15, KANEKA0137683-84, KANEKA0067052-65, KANEKA0168238, KANEKA0036724, KANEKA0069396, KANEKA0178002, KANEKA0175024, KANEKA0062631-36, KANEKA0066528-32, KANEKA0178023. We are looking for documents describing the details of such testing including any data, tests or analyses actually performed and the particulars thereof. Please confirm that you will search for and identify documents and information referenced.
- Interrogatory No 19: We expect that if Kaneka is making a claim under 271(b) or (c) that there are non-expert testimony and documents responsive to this interrogatory. Specifically, we are looking for the identity of each entity you allege has infringed and the allegedly infringing acts. We agree that the infringing products have been identified, the acts of inducement have not yet been. While there is some overlap with Interrogatory No. 20, it is our understanding that you will be supplementing both 19 and 20.
- Interrogatory No. 24: This interrogatory seeks the best mode for carrying out the claims of the asserted patents as of July, 2004. To date, none of the inventors have been willing or able to discuss how they made the claimed fibers at the time of the Japanese priority documents or the time of the PCT application. While we agree that spinning is not specifically part of the patents, that the patents claim a novel invention because fibers were created out of a known composition, defendants are entitled to information pertaining to the best mode of how the claimed fibers were made at the time. You agreed to supplement Kaneka's response to Interrogatory No. 24 now that you have a clearer understanding of what we are looking for.

Thank you and please let us know if you would like to discuss further.

Regards,
Guinevere

**APPENDIX 5**

**From:** Joseph Zito [mailto:jzito@zitotlp.com]
**Sent:** Wednesday, August 22, 2012 2:54 AM
**To:** Ryan Marton
**Cc:** Guinevere Jobson; Kaneka-Uno; Raymond Chan; Nikki Ma; Rheanna Hafner; UNO-Kaneka Team
**Subject:** Re: Kaneka v. Uno - Discovery Responses

Ryan:

Please give me a call before 9 if there are issues that remain to be discussed.  I will be traveling back to DC today you can call me before 9 pacific or after 4PM Pacific.

- Interrogatory 4 calls for an identification of details surrounding Kaneka's testing of competitor fibers.  Kaneka points to its infringement contentions in this case but fails to identify any other testing of other fibers from other competitors.  We know Kaneka has done other testing and we are entitled to the details.

Were are currently looking to identify and such testing documents.   I have asked Kaneka for a list of any other testing and we are looking through the same set of documents that you have, please let me know how you "know" and that may help us to identify documents.

- Interrogatory number 5 calls for identification of all Kaneka fibers comprising PET and bromobisphenol A or brombisphenal A epoxy flame retardant and identify the process/method for making each product, identify documents reflecting that and identify person with knowledge on that.  Kaneka has merely identified classes of documents such as "monthly reports" but has not identified any documents by bates number.  If Kaneka is to rely on 33(d) it must identify specific documents by bates numbers.  We need you to do this asap.

Although you state that Int. #5 refers to "monthly reports" it actually refers to FPWH Technical Standard, FPW-T
Provisional Technical Standard, Industrial Experiment Plan Document, Innovation line 2 FPWST, and Industrial Experiment Plan Document, Fiber for Toupe.  We are identifying these documents by bates number.

- Interrogatory 6 calls for each product identified in response to rog 5 that Kaneka contends is covered by any asserted claim, identify any and all testing done on the product and identify all persons involved. Kaneka responds by pointing to the "products development database."  No database has been produced.  Please identify specific documents by bates number..

We are identifying the "Product Development Notes Database" by bates number.

- Interrogatory 7 calls for details regarding conception and reduction practice. Again Kaneka merely points to categories of documents such as monthly reports.  Please identify specific documents by bates number.

Interrogatories 7, 8 and 10 relate to overlapping subject matter, conception, reduction to practice, contribution and testing included in the patent disclosure.  These materials are the Monthly Reports for each of the named inventors; Monthly Research Reports; and FPW Research Project Report.  We have identified approximately forty documents in this category and will provide bates numbers late today.  We re continuing to identify such documents and will provide additional bates numbers shortly.  In addition, you have deposed each of the inventors and asked these personal knowledge on these subjects.

- Interrogatory 8 calls for a description of inventor contributions to the conception of the asserted invention.  Again Kaneka merely points to categories of documents such as monthly reports.  Please identify specific documents by bates number.

see above

- Interrogatory  10 calls details regarding and identification of data underlying the creation of and testing of the example fibers described in the asserted patents and related patents.  Again Kaneka merely points to categories of documents such as monthly reports.  Please identify specific documents by bates number.

see above

- Interrogatories 19, 20, 22, 23, 24.

Your issue here is quite non-specific but I will take a shot at a response.

19 - Infringement contentions have been served.  Details of the infringement testing will be included in the technical expert report.

20- The basis for knowledge is the notice provided to  UNO.  In addition, facts uncovered during discovery, including the recent 30(b)6 depositions evidence knowing intent.  This interrogatory answer will be supplemented.
21 -  Kaneka stands by its objections.  Requests for Admission are separate from Interrogatories.
22 - This Interrogatory answer will be supplemented.
23 - We will identify any testing documents by bates number to the extend that they exist.
24 - This Interrogatory was answered to the best of Kaneka's ability during the inventor depositions.

   -- Jinny Beauty Supply's Interrogatories 1 and 2.

   Also a non-specific concern,

    1 - Infringement contentions have been served.  Details of the infringement testing will be included in the technical expert report.
    2 - Damages will be detailed in the damages expert report

  - - JBS Hair's Interrogatories.

   Again non-specific, if I am missing something, please let me know.

   1 - I believe the issue of jurisdiction is now moot
    2 - Infringement contentions have been served.  Details of the infringement testing will be included in the technical expert report.
    3 - Damages will be detailed in the damages expert report.

```
--
Joseph J. Zito
ZITO tlp
1250 Connecticut Avenue NW
Washington, DC 20036
202 466-3500
```
www.zitotlp.com
jzito@zitotlp.com
On 8/21/2012 5:04 PM, Ryan Marton wrote:

> Joe,
>
> Following from our brief conversation just now, I understand that Kaneka will be supplementing its interrogatory responses by this Friday (8/24).  We can discuss tomorrow at 8:30am whether Kaneka is willing to provide responses sufficient to obviate a motion to compel.
>
> I look forward to resolving these issues.
>
> Regards,
> Ryan
>
> ---
>
> **From:** Guinevere Jobson
> **Sent:** Tuesday, August 21, 2012 9:10 AM
> **To:** Ryan Marton; 'Becky Christensen'
> **Cc:** Raymond Chan; Nikki Ma; Rheanna Hafner
> **Subject:** RE: Kaneka v. Uno - Discovery Responses
>
> Becky,

6

**APPENDIX 8**

We have not heard from you regarding Kaneka's generally deficient interrogatory responses, including those specified below. As a result we plan to move to compel shortly.

Guinevere

---

**From:** Ryan Marton
**Sent:** Sunday, August 05, 2012 3:15 PM
**To:** 'Becky Christensen'; Guinevere Jobson
**Cc:** Raymond Chan; Nikki Ma; Rheanna Hafner
**Subject:** RE: Kaneka v. Uno - Discovery Responses

Becky,

As you know I agreed to a lengthy extension for Kaneka to respond to UNO's later rounds of written discovery and agreed that Kaneka could supplement earlier written discovery well past the close of discovery – so long as I received substantive responses before the Kaneka 30(b)(6) depositions. Unfortunately the responses served on 7/27/12 by Kaneka were almost entirely void of substance.

For example:

> Interrogatory 4 calls for an identification of details surrounding Kaneka's testing of competitor fibers. Kaneka points to its infringement contentions in this case but fails to identify any other testing of other fibers from other competitors. We know Kaneka has done other testing and we are entitled to the details.
> Interrogatory number 5 calls for identification of all Kaneka fibers comprising PET and bromobisphenol A or brombisphenal A epoxy flame retardant and identify the process/method for making each product, identify documents reflecting that and identify person with knowledge on that. Kaneka has merely identified classes of documents such as "monthly reports" but has not identified any documents by bates number. If Kaneka is to rely on 33(d) it must identify specific documents by bates numbers. We need you to do this asap.
> Interrogatory 6 calls for each product identified in response to rog 5 that Kaneka contends is covered by any asserted claim, identify any and all testing done on the product and identify all persons involved. Kaneka responds by pointing to the "products development database." No database has been produced. Please identify specific documents by bates number.
> Interrogatory 7 calls for details regarding conception and reduction practice. Again Kaneka merely points to categories of documents such as monthly reports. Please identify specific documents by bates number.
> Interrogatory 8 calls for a description of inventor contributions to the conception of the asserted invention. Again Kaneka merely points to categories of documents such as monthly reports. Please identify specific documents by bates number.

**APPENDIX 9**

Interrogatory 10 calls details regarding and identification of data underlying the creation of and testing of the example fibers described in the asserted patents and related patents. Again Kaneka merely points to categories of documents such as monthly reports. Please identify specific documents by bates number.

We need each of these deficiencies, as well as the others referred to below, fixed by mid day Tuesday (8/7), so that I can address these issues with Kaneka's 30b6 witnesses. If Kaneka does not so supplement its responses, UNO will be forced to move to compel and seek to additional 30b6 testimony at Kaneka's expense.

I look forward to the supplemental responses.

Regards,
Ryan

---

**From:** Becky Christensen [mailto:bchristensen@dnlzito.com]
**Sent:** Friday, August 03, 2012 5:57 PM
**To:** Guinevere Jobson
**Cc:** Ryan Marton; Raymond Chan; Nikki Ma; Rheanna Hafner
**Subject:** RE: Kaneka v. Uno - Discovery Responses

Dear Guinevere,

    Please note that we did, in fact, provide responses to Jinny and JBS's Interrogatories by email and by U.S. Mail. Please advise if you have not found those by Monday, and we will be happy to resend them.

    Please note that your apparent linkage of interrogatory responses to next week's Kaneka witness depositions is inappropriate. The documents you refer to were provided to you nearly two years ago. Why you do not seem to know where these documents are after two years is a mystery. Perhaps you can consult with Mr. Marton who has been on the case from its inception. The deponents are travelling to the United States from Osaka, Japan for depositions that have been on calendar for much of the summer. While we are happy to discuss the documents and interrogatories with you, the Mihoichi-san and Doi-san, Kaneka's 30(b)(6) designees will be available to give testimony as scheduled. If you elect to cancel the depositions at the last moment on the pretext of information you have had for two years, we will be unwilling to bring the witnesses back to the United States without an Order of the Court.

    We have previously had a cordial relationship with your firm which we look forward to continuing. If you elect not to proceed with next week's depositions, please let us know as soon as possible to avoid the expense, time and physical wear and tear of 20 hour each way trans-Pacific flights for Kaneka's representatives.

Becky Christensen
**DNL ZITO**
355 S. Grand
Suite 2450

Los Angeles, CA 90071
bchristensen@DNLZito.com
213.943.1300, Ext. 5017

---

**From:** Guinevere Jobson [mailto:gjobson@fenwick.com]
**Sent:** Thursday, August 02, 2012 5:55 PM
**To:** Becky Christensen; Raymond Chan; Nikki Ma
**Cc:** Ryan Marton; Guinevere Jobson
**Subject:** Kaneka v. Uno - Discovery Responses

Becky & Raymond,

I write regarding Kaneka's blatantly deficient supplemental interrogatory responses.   The issues I raise here are urgent as we need proper responses in advance of the 30(b)(6) depositions.

> Kaneka has not properly identified documents pursuant to FRCP 33(d).

For example, Interrogatory No. 5, provide the specific bates numbers for the FPWH technical standard, FPWT provisional technical standard, industrial experiment plan document, innovation line 2FPWST and Fiber 4 toupe.  In Interrogatory No. 6, you reference documents that can be derived from a "product development notes database".  Please identify exactly what those documents are by bates number.  With respect to Interrogatories 7, 8 and 10 please identify by bates number, the specific Monthly Reports, Monthly Research Reports and FPW Research Project Report referenced.  If Kaneka does not provide this information by midday Sunday, we will likely be forced to postpone the depositions and/or take them again.

> Responses to UNO's Interrogatories are insufficient.

On April 30, 2012, Kaneka provided its initial objections to Interrogatories 17 regarding the basis for Kaneka's seeking injunctive relief, and provided no substantive response.  To date, none has been provided.  Please immediately supplement your responses and provide a meaningful  response.  Additionally, Kaneka has not yet provided meaningful responses to Interrogatories 19, 20, 22, 23, 24.   If Kaneka does not immediately provide a substantive supplementation by midday Sunday, we will likely be forced to postpone the depositions and/or take them again.

> To date, Kaneka has failed to provide a substantive response to Jinny Beauty Supply's Interrogatories 1 and 2.

> To date, Kaneka has not provided substantive responses to JBS Hair's Interrogatories.

Guinevere



**GUINEVERE JOBSON**
Fenwick & West LLP
Associate, Litigation Group

☎ (415) 875-2388
🖨 (415) 281-1350
✉ gjobson@fenwick.com

---------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
---------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.