IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KANEKA CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1430-P |
| | § | |
| JBS HAIR, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Defendants JBS Hair, Inc. ("JBS"), UNO & Company Ltd. ("UNO"), and Jinny Beauty Supply Company Ltd. ("Jinny") have filed a motion to compel responses to three interrogatories propounded by UNO to Plaintiff Kaneka Corporation. At issue are Interrogatory Nos. 19 and 20, which call for the factual bases for plaintiff's patent infringement positions, and Interrogatory No. 24, which calls for identification of the best mode for carrying out the asserted invention. In a joint status report filed on October 10, 2012, Plaintiff has agreed to supplement its answers to Interrogatory Nos. 19, 20, and 24 by October 31, 2012. In view of this agreement, Defendants' motion to compel [Doc. #169] is DENIED as moot.

Defendants also request $22,000 in attorneys' fees incurred in preparing the motion to compel. *See* Jt. Stat. Rep. at 5; *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 595 (S.D. Tex. 2011) (party's agreement regarding discovery that was subject of motion to compel does not moot request for award of expenses). Federal Rule of Civil Procedure 37(a)(5)(A) provides that if requested discovery is provided after a motion to compel was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless (1) the movant

filed the motion before attempting in good faith to obtain the discovery without court action, (2) the opposing party's nondisclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). A party's discovery conduct is considered "substantially justified" under Rule 37 if it is "a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *S.E.C. v. Kiselak Capital Group, LLC*, No. 4:09-CV-256-A, 2012 WL 369450 (N.D. Tex. Feb. 3, 2012), *appeal dismissed*, No. 12-10269 (5th Cir. Aug. 6, 2012) (citing cases) (internal quotations omitted).

Judged against this standard, the Court determines that an award of attorneys' fees is not warranted under the circumstances of this case. Plaintiff initially objected that Interrogatory Nos. 19 and 20, contention interrogatories that seek a description of the factual basis for Plaintiff's theories of direct and indirect infringement, were overly broad and unduly burdensome. *See* Def. Mot. at 5-6. Although Plaintiff later supplemented its responses with narrative answers that disclosed a list of wholesalers and retailers that sell the accused products and identified individual officers and employees of Defendant UNO who allegedly had knowledge of the claimed invention and sold the accused products, Defendants insisted that Plaintiff's answers were deficient because they did not describe "each instance of direct infringement . . . identified by . . . entity, date, and description of the infringing activity," and all the acts that constitute inducement "for each and every instance of direct infringement." *See* Jt. Stat. Rep., App. at 3.

Plaintiff contends that Defendants' demand for further supplementation is "unrealistic" because tens of thousands of wigs containing the accused fibers are sold every year, and each sale qualifies as an act of direct infringement. *See id.* at 8. Plaintiff cites *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000), and *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998), for the proposition that contention interrogatories that ask for "each and

every" fact are overly broad and unduly burdensome. Defendants do not address the merits of Plaintiff's objections, nor do they cite any contrary authority suggesting that contention interrogatories that seek "all facts" in support of a party's allegations are not overly broad or otherwise permissible. Because it appears that reasonable people could differ as to the appropriateness of Defendants' use of contention interrogatories to seek "each and every" fact underlying Plaintiff's infringement contentions, the court determines that Plaintiff's objections were substantially justified. The mere fact that Plaintiff has now agreed to further supplement its responses to Interrogatory Nos. 19 and 20 does not change this result.

Interrogatory No. 24 seeks information regarding the inventors' understanding of the best mode for carrying out the claims of the asserted patents. *See* Def. Mot. at 8. Plaintiff contends it was initially confused by this request because the asserted claims are not process or method claims which can be carried out, but claims for a product. *Id.* According to Plaintiff, Defendants' counsel clarified that the interrogatory sought the *methods* for producing the patented fibers, and Plaintiff responded with information regarding the "spinning" method. Jt. Stat. Rep. at 6-7. After the motion to compel was filed, Defendants argued that Interrogatory No. 24 seeks information regarding the *formulations* of the patented fibers. *Id.* Defendants acknowledged that their explanation of the information sought by the interrogatory changed, and Plaintiff agreed to further supplement its responses with the additional requested information. *Id.* at 7. It thus appears that Plaintiff has attempted in good faith to respond to Interrogatory No. 24. As Defendants do not dispute Plaintiff's characterization of their discussions, the court determines that an award of attorneys' fees would be unjust under the circumstances.

For these reasons, Defendants' request for $22,000 in attorneys' fees incurred in preparing the motion to compel is DENIED.

It is so ordered.

DATED: October 19, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE